IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA       )
                               )
     v.                        )          1:21CR414-1
                               )
RAYSHAUN LAMONT STALEY         )

**MEMORANDUM OPINION AND ORDER**

Defendant Rayshaun Lamont Staley ("Defendant") is a federal inmate serving a 76-month sentence. Defendant has filed a Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 45.) The Government has responded opposing Defendant's motion. (Doc. 49.) For the reasons stated below, Defendant's motion will be denied.

I.    **BACKGROUND**

On May 23, 2022, Defendant pled guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Doc. 37 at 1; Minute Entry 5/23/2022.) Defendant was originally sentenced to 80 months of imprisonment, (Doc. 37 at 2), but he was subsequently granted a reduction of sentence pursuant to 18 U.S.C. § 3582(c) and his sentence was reduced to 76 months of imprisonment. (Doc. 43 at 1.) On February 19, 2025, Defendant filed his motion for compassionate release. (Doc. 45.) He seeks release so that he can act as a caregiver for his minor children

and their mother who has been diagnosed with stage 4 breast cancer. (Id. at 5, 8.) Defendant is 45 years old, presently located at Raleigh Residential Reentry Management facility, and has a projected release date of August 29, 2026.[1]

## II.  ANALYSIS

A sentence imposed under the law is intended to be final. United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis to do so. Id.; see also 18 U.S.C. § 3582(b). Section 18 U.S.C. § 3582(c)(1)(A), often known as the compassionate release provision, allows a court to reduce a sentence when "extraordinary and compelling" reasons warrant such a reduction, the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and a consideration of the relevant § 3553(a) sentencing factors support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i); see United States v. Davis, 99 F.4th 647, 654 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. See 18 U.S.C. § 3582(c)(1)(A). Exhaustion is not jurisdictional and waived unless invoked by the Government. See United State v. Muhammad,

---

[1]BOP Inmate Locator, https://www.bop.gov/inmateloc/(last visited June 7, 2026).

16 F.4th 126, 129-30 (4th Cir. 2021). The Government acknowledges that Defendant did not file a request for administrative relief until after he filed his motion in this court, but "does not contest that Staley has satisfied the exhaustion requirement." (Doc. 49 at 6.) Thus, the court will proceed to the merits of Defendant's motion.

## A. Extraordinary and Compelling Reasons

Defendant argues that he should be granted compassionate release because he needs to act as a caregiver for his minor children and their mother who has been diagnosed with stage 4 breast cancer. (Doc. 45, at 5, 8.) Defendant writes that "[m]y kids [sic] mother of two (ages 3 and 16) has []breast cancer and we are the sole guardians of our kids. There is no one else to care for our kids but us. We are a close knit family and we need each other more than ever please?" (Id. at 8.)

The Sentencing Commission policy statements recognize that the care of a child may be an extraordinary and compelling circumstance supporting a reduction of sentence in the case of:

> The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

U.S.S.G. 1B1.13(b)(3)(A). For the care of a partner or spouse, a defendant may establish an extraordinary and compelling

- 3 -

circumstance if the partner is incapacitated and "the defendant would be the only available caregiver." U.S.S.G. 1B1.13(b)(3)(B).

The presentence investigation report confirms that Defendant shares two minor children with his partner, Khairah Allah. (Doc. 23, ¶ 55.) The children would be approximately 17 years old and 4 years old at this time. (Id.)  In support of his motion Defendant has submitted a letter from Ms. Allah. (Doc. 45 at 7.) In the letter, Ms. Allah explains that she has been diagnosed with metastatic breast cancer that has spread to her bones and the treatment has left her "weakened and unable to manage the daily responsibilities of caring for our children and maintaining our household." (Id.) Ms. Allah states:

> I am doing my best to provide for [my children] but the reality is that I can't do it alone. I am currently working at Sport Clips as a hairstylist, also at Salemtowne working in the salon, but the demands of my job combined with my treatments and the needs of our children, have become extremely overwhelming.

(Id.) Ms. Allah further writes that Defendant's "presence would provide much needed support for me and our children both emotionally [and] practically as we navigate my illness and its challenges." (Id.) Ms. Allah's doctor confirms Ms. Allah's diagnosis of stage 4 metastatic breast cancer. (Id. at 6.) The doctor indicates that Ms. Allah's cancer is not curable, but she is being treated to prolong her life. (Id.)

- 4 -

The court is sympathetic to Ms. Allah's situation and appreciates Defendant's desire to help care for his family. However, any reduction of sentence pursuant to § 3582(c)(1)(A) must be consistent with the applicable Sentencing Commission policy statements. See § 18 U.S.C. § 3582(c)(1)(A); Davis, 99 F. 4th at 657. The Sentencing Commission policy statements relating to family circumstances for both minor children and a partner require a showing of incapacitation. U.S.S.G. § 1B1.13(b)(3)(A)&(B). The court acknowledges Ms. Allah's substantial challenges, but she continues to work as a hair stylist and is caring for her children. (Doc. 45 at 7.) Thus, the evidence fails to show that Ms. Allah is incapacitated. See, e.g., United States v. Bailey, Crim. No. ELH-16-396, 2026 WL 100565, at * 12 (D. Md. Jan. 14, 2026) (recognizing that incapacitation is a high bar and "an individual does not qualify as incapacitated when the medical conditions impact daily life but do not severely impede functionality."). Ms. Allah would no doubt benefit from Defendant's help but as another judge in this district has recognized, "[u]nfortunately, many incarcerated persons have family members, including children and parents, who could benefit from their presence and care. This is not an extraordinary circumstance in and of itself." United States v.

- 5 -

<u>Dewalt</u>, No. 1:20-CR-78, 2025 WL 3213875, at *3 (M.D.N.C. Nov. 18, 2025).

Furthermore, Defendant fails to demonstrate that if a caregiver is needed there are no other caregivers available. While the policy statements do not specify that a defendant must be the "only available caregiver" for minor children as it does in other subsections, <u>cf.</u> U.S.S.G. § 1B1.13(b)(3)(B)-(D), courts in this circuit have often considered whether another caregiver is available. <u>See</u> <u>United States v. Holman</u>, No. 12-CR-72, 2025 WL 3496564, at *2 (M.D.N.C. Dec. 5, 2025); <u>United States v. Cates</u>, No. 20-CR-223, 2023 WL 167409, at *3-4 (M.D.N.C. Jan. 12, 2023) (collecting cases). Defendant claims that he and Ms. Allah are the "sole guardians of our kids," (Doc. 45 at 8), but this unsupported assertion is insufficient to establish that there are no other available caregivers should one be needed. <u>See</u> <u>United States v. Richardson</u>, No. 5L18-CR-507, 2020 WL 2200853m at *2 (E.D.N.C. May 6, 2020) (requiring a "robust evidentiary showing" that defendant is the only available caregiver). Accordingly, while the court understands Defendant's desire to help care for his family, on the information presented Defendant

- 6 -

fails to establish an extraordinary and compelling reason that will support a reduction of sentence.[2]

**B.    18 U.S.C. § 3553(a) Factors**

Having determined Defendant fails to show an extraordinary and compelling reason to modify his sentence, the court is not required to consider if the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction. The court finds, in any case, such an analysis does not support granting Defendant relief. Section 18 U.S.C. § 3553(a) requires a sentence that is "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In making the determination, the court weighs the nature of the offense, a defendant's personal history, the sentence relative to the seriousness of the offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide rehabilitative circumstances, and the need to avoid sentencing disparity. 18 U.S.C. § 3553(a). The burden of proof

---

[2] Defendant relied on a form to file his motion and in addition to the caregiver provisions also checked a box indicating "[t]here is another circumstance or combination of circumstances, that when considered by themselves or together with any of the reasons described above, are similar in gravity to the reasons described above. See U.S.S.G. § 1B1.13(b)(5)." (Doc. 45 at 5.) However, Defendant does not explain in what way he believes this circumstance applies to his case or provide any information in support. The information in the motion focuses solely on Defendant's need to act as a caregiver for his children and his partner.

rests with the defendant to show "why the § 3553(a) factors justify a modified sentence." <u>United States v. Centeno-Morales</u>, 90 F.4th 274, 279 (4th Cir. 2024).

Defendant has not provided any information addressing why he believes the § 3553(a) factors support a modified sentence. The Government has submitted materials showing that Defendant has taken a few positive steps towards rehabilitation. Defendant has taken six BOP courses while incarcerated, (Doc. 54 at 1), and has not incurred any disciplinary infractions while in BOP custody. (Doc. 55 at 1.) However, these basic efforts towards rehabilitation cannot overcome factors which weigh against a reduction.

First, the nature of the offense weighs against a modified sentence. Defendant, who was still on post-release supervision from prior convictions, (Doc. 23, ¶¶ 4, 40), was taken into custody after the police found him trapped in his upside-down vehicle with open containers of alcohol in the car and in the surrounding grass. (Doc. 23, ¶ 4.) Once Defendant was safely removed, the police retrieved over 32 dosage units of ecstasy, 5.91 grams of marijuana, and $3,700 in cash from the vehicle, and another $1,840 from Defendant's pocket. (<u>Id.</u>, ¶ 5.) Hospital security personnel later recovered a loaded Glock from Defendant's rear waistband. (<u>Id.</u>) Defendant's behavior

- 8 -

underlying the offense shows a disregard for the law and public safety and demonstrates that his current sentence is necessary to provide just punishment and deter crime.

Second, Defendant's lengthy criminal history also weighs against a reduction. Defendant has multiple prior felony convictions for serious offenses including felony breaking and entering, felony robbery with a dangerous weapon, felony trafficking cocaine by transportation, felony possession of cocaine, felony possession with intent to sell/deliver cocaine, and felony assault with a deadly weapon on a law enforcement officer. (Doc. 23, ¶¶ 27-40.) Defendant's record shows that prior periods of incarceration and supervision have done little to prevent additional criminal behavior and suggests a high risk of recidivism.

Accordingly, the court concludes Defendant's current sentence is "sufficient, but not greater than necessary" to serve the goals of sentencing. A reduction of sentence would fail to promote respect for the law, protect the public, or provide adequate deterrence. See 18 U.S.C. § 3553(a). In addition, Defendant's remaining time in the Raleigh Residential Reentry Management facility is necessary to provide Defendant with the best opportunity to prepare for a successful transition to post-incarceration life.

- 9 -

## III. CONCLUSION

For the reasons stated, the court finds that Defendant has failed to show an extraordinary and compelling reason for a reduction of sentence and the factors under 18 U.S.C. § 3553(a) counsel against a reduction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 45), is **DENIED.**

This the 15th day of June, 2026.

_____
United States District Judge